UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHELOTTA L. BRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:10-cv-01690-TWP-TAB |
| | ) |
| CCA[1], | ) |
| | ) |
| Defendant. | ) |

### ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant CCA's Motion for Summary Judgment (Dkt. 53). Plaintiff, Shelotta L. Bright ("Ms. Bright"), proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). *See* 42 U.S.C. § 2000e-5. Ms. Bright's Complaint alleges she has suffered instances of racial discrimination, hostile work environment, and sexual harassment. On summary judgment, she also alleges she was retaliated against in violation of Title VII. For the reasons set forth below, CCA's Motion for Summary Judgment (Dkt. 53) is **GRANTED** and Ms. Bright's claims are **DISMISSED**.

### I. BACKGROUND

**A.    Procedural Matters**

As an initial matter, the Court notes that CCA's Motion and brief contains the required "Statement of Material Facts Not in Dispute." *See* L.R. 56-1(a). CCA also served Ms. Bright with its Motion and the required Notice to *Pro Se* Plaintiff Regarding Dispositive Motion (Dkt. 57), which explained Ms. Bright's rights and the requirement that her response must include a "Statement of Material Facts in Dispute," found in Local Rule 56-1(b). Ms. Bright's response

---

[1] Defendant CCA of Tennessee, LLC d/b/a Corrections Corporation of America, has been incorrectly delineated by Plaintiff as CCA. Although the Court recognizes the incorrect delineation, in this Entry it will refer to Defendant simply as CCA.

(Dkt. 61) contains a "Statement of Facts Not in Dispute," however, it does not identify or specifically controvert facts stated by CCA. Local Rule 56-1(f)(1)(A) states that "the court will assume that: the facts as claimed and supported by admissible evidence by the movant are admitted without controversy except to the extent that: the non-movant specifically controverts the facts in that party's 'Statement of Material Facts in Dispute' with admissible evidence." Local Rule 56-1(f)(2) states that "facts that a non-movant asserts are true to the extent admissible evidence supports them."

Even *pro se* litigants are bound to follow the Federal Rules of Civil Procedure and the Local Rules, although the Court may liberally construe the Rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Although Ms. Bright has not specifically identified disputed issues of fact, a lenient reading of her "Statement of Material Facts Not in Dispute" does include identification of disputed facts. It also includes statements not supported by admissible record evidence, including speculation and argument. Therefore, the facts described below are largely adopted from CCA's "Statement of Material Facts Not in Dispute," except where Ms. Bright has specifically controverted CCA's stated facts. Regardless, the facts are considered in favor of Ms. Bright, the non-moving party.

**B.     Factual Background**

CCA provides corrections services to federal, state, and local government agencies, and operates the Marion County Jail II in Indianapolis, Indiana. CCA employs approximately 200 employees at the Jail II facility, and is staffed 24 hours per day, 7 days per week. CCA adheres to a policy of equal employment opportunity and non-discrimination. To that end, it expressly prohibits harassment based on race, sex or any other protected characteristic. CCA has policies for reporting and handling reported instances of harassment. Ms. Bright was familiar with the

policy and aware of the reporting procedures set forth therein. CCA also maintains a code of conduct for its employees which provides that an unexcused absence, failure to observe facility procedure, delay or failure to carry out assigned tasks, insubordination, and failure to respond promptly might violate the code of conduct requiring "diligence."

On March 8, 2010, CCA hired Ms. Bright, an African-American female, as an administrative clerk. The decision was made by Human Resources Manager Dawn Baptist ("Ms. Baptist"). Ms. Bright worked in Marion County Jail II's Human Resources Department ("HR") under Ms. Baptist's supervision three days per week. The remaining two days per week, Ms. Bright split her time in four other departments. While working in HR, Ms. Bright shared an office with Marcella Johns ("Ms. Johns").

Ms. Bright worked an 8:00 a.m. to 5:00 p.m. shift with a half hour unpaid lunch break, and two fifteen-minute paid breaks. Ms. Bright was required to clock in at 8:00 a.m., clock out at 5:00 p.m., and was also required to clock out and back in over her lunch break. As an hourly employee, if Ms. Bright worked longer than 40 hours per week she would be entitled to overtime compensation. An employee's name could appear on the overtime list in the event he or she clocked in early or out late without approval, or failed to clock out for a lunch break.

On April 21, 2010, Ms. Bright forgot to clock out for her lunch break and Ms. Baptist sent an email to remind Ms. Bright that she needed to clock in and out for lunch breaks. On May 5, 2010, Ms. Baptist followed up with Ms. Bright because Ms. Bright's name had shown up on CCA's overtime report. Ms. Baptist determined by reviewing Ms. Bright's time cards that Ms. Bright had been regularly clocking in before 8:00 a.m.

On May 7, 2010, Ms. Bright was working in HR. At some point during the day, Captain Scott Grubbs ("Captain Grubbs") entered the office Ms. Bright shared with Ms. Johns. Captain

Grubbs frequently visited the office and he and Ms. Johns would share "little inside jokes" and appeared to have more than just "a regular professional relationship." Ms. Bright felt uncomfortable with Captain Grubbs's presence, so she left the office to take her fifteen minute break. Ms. Bright went to the fourth floor, used the restroom, retrieved an orange, and spoke with Ashauntis Borders, another CCA employee. Upon Ms. Bright's return to her office, approximately one hour later, she was called into Ms. Baptist's office to discuss her whereabouts. Ms. Bright explained that she had used her fifteen minute break and completed the tasks listed above. Ms. Baptist accepted Ms. Bright's explanation and asked Ms. Bright to inform her in advance when she left the office for breaks.

Later that same day, Ms. Bright spoke with Ms. Baptist and reported that she was uncomfortable working in the same office as Ms. Johns due to Captain Grubbs's frequent presence and "having to be subjected to their inappropriate relationship." In response, Ms. Baptist informed Ms. Bright that she could not have her own office and stated that Ms. Johns "was not perfect." Ms. Baptist also told Ms. Bright that three white employees, Assistant Warden Michelle Ryder ("Ms. Ryder"), Michelle Robinson ("Ms. Robinson") and Lara Walsh ("Ms. Walsh") had complained to Ms. Baptist about Ms. Bright's demeanor and attitude.

Following the meeting with Ms. Bright, Ms. Baptist reviewed the facility security video footage. She discovered that Ms. Bright had spent more than one hour on the fourth floor. Ms. Baptist determined that Ms. Bright had misrepresented the duration of her "fifteen minute" break. Ms. Baptist believed this was a theft of company time as well as a safety concern, and recommended that Ms. Bright be terminated. Ms. Bright was terminated on May 11, 2010.

Ms. Bright timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") on May 25, 2010, alleging retaliation and race discrimination. She filed the present

lawsuit on December 23, 2010, alleging race discrimination, hostile work environment, and sexual harassment in violation of Title VII.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). Finally, "neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

Courts liberally construe the pleadings of individuals who proceed *pro se*. "The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Greer v. Bd. of Educ. of City of Chi., Ill.*,

5

267 F.3d 723, 727 (7th Cir. 2001) (internal quotation omitted). However, "employment discrimination cases are extremely fact-intensive, and neither appellate courts nor district courts are 'obliged in our adversary system to scour the record looking for factual disputes.'" *Id.* (quoting *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921–22 (7th Cir.1993)).

### III. DISCUSSION

**A.     Retaliation**

**1.     Whether Ms. Bright's Claim is Properly before the Court**

CCA contends that Ms. Bright's claim that CCA illegally retaliated against her is improperly before the Court. Specifically, it argues that because the retaliation claim was not pleaded in her Complaint, Ms. Bright cannot raise it for the first time in response to summary judgment. Ordinarily, courts are faced with the opposite issue: claimants fail to list a claim in an EEOC charge yet allege in in their complaint. In those circumstances, the scope of a judicial proceeding is limited to the nature of charges filed with the EEOC. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). As has been stated, it is "axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally." *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006). Therefore, because this is a situation where retaliation was within the scope of the EEOC charge, the Court will review the Complaint with leniency to determine if a claim for retaliation can be construed under this standard.

Here, Ms. Bright filed the standard form for a *pro se* Employment Discrimination Complaint with this Court. For factual support she attached copies of her complaints and grievances to CCA. This includes her CCA grievance for the date of offense of May 11, 2010, in which she complains that she suffered racial discrimination by CCA when she was terminated (Dkt. 1-2). The grievance alleged that Ms. Johns, a white employee, was not reprimanded or

held to adherence of CCA policies 3-3 and 3-5-2, which were noted in Ms. Bright's termination letter.  She also alleged in the grievance that a white employee was hired despite a positive drug test.  Ms. Bright also attached her CCA grievance for the date of offense of May 7, 2010, in which she complains she was subjected to sexual harassment due to the relationship between Ms. Johns and Captain Grubbs (Dkt. 1-3).  Additionally, Ms. Bright attached a letter she had written regarding why she clocked in before 8:00 a.m.  None of Ms. Bright's attached grievances or documents reference retaliation.

Construing Ms. Bright's Complaint liberally, the Court finds that a claim of retaliation under Title VII has not been sufficiently pleaded.  Therefore, Ms. Bright's retaliation claim is not properly before the Court.  *See Anderson v. Donahoe*, 699 F.3d 989, 998 (7th Cir. 2012) (finding that violations raised for the first time in response to summary judgment are waived); *Abuelyaman v. Ill. State Univ.*, 667 F.3d 800, 806 (7th Cir. 2011) (upholding the district court's rejection of a new theory of discrimination raised for the first time in opposition to summary judgment).  However, even if the Court were to consider the merits of Ms. Bright's retaliation claim, she fails to satisfy a *prima facie* case and the claim would be dismissed.

### 2. Whether Ms. Bright's Claim Could Survive on the Merits

"Unlawful retaliation occurs when an employer takes an adverse employment action against an employee for opposing impermissible discrimination." *Rogers v. City of Chi.*, 320 F.3d 748, 753 (7th Cir. 2003) (citations omitted).  Discrimination and retaliation claims are distinct, and "a claim of retaliation does not depend on proof that any status-based discrimination actually occurred." *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 460 (2008).

As with a discrimination claim, a plaintiff asserting a claim of retaliation under Title VII may choose to prove his case under either direct or indirect methods of proof.  *See Weber v.*

*Univs. Research Ass'n, Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). Under the direct method, the plaintiff must present evidence that (1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action. *Argyropoulos v. City of Alton*, 539 F.3d 724, 733 (7th Cir. 2008). If the plaintiff's evidence is contradicted, "the case must be tried unless the defendant presents unrebutted evidence that it would have taken the adverse employment action against the plaintiff anyway, 'in which event the defendant's retaliatory motive, even if unchallenged, was not a but-for cause of the plaintiff's harm.'" *Haywood v. Lucent Techs., Inc.*, 232 F.3d 524, 531 (7th Cir. 2003) (quoting *Stone v. City of Indianapolis Pub. Util. Div.*, 281 F.3d 640, 642 (7th Cir. 2002)). As Ms. Bright has chosen to proceed under the direct method,[2] the Court finds that Ms. Bright easily satisfies prong (2), in that she was terminated on May 11, 2010. However, Ms. Bright fails to create a genuine issue of material fact on prong (1), that she engaged in a statutorily protected activity and prong (3) that there is a causal connection.

First, Ms. Bright has not established or created a genuine issue of fact that she engaged in a statutorily protected activity. At best, the facts in the light most favorable to Ms. Bright show that she complained to Ms. Baptist about the relationship between Ms. Johns and Captain Grubbs. The facts do no show that Ms. Bright put Ms. Baptist on notice that Ms. Bright believed she was subject to sexual or racial harassment. "Usually a claim for retaliation is preceded by an obligatory complaint about discriminatory conduct, so that the employer is aware of the mistreatment and the corresponding protected activity." *Durkin v. City of Chi.*, 341 F.3d 606, 615 (7th Cir. 2003). While the Seventh Circuit has also stated that "an employee may engage in protected activity under 42 U.S.C. § 2000e-3(a) even if the conduct at issue does not violate Title

---

[2] CCA's reply utilizes the indirect method. However, the thrust of CCA's arguments also apply to the analysis under the direct method, and the Court will consider these arguments where appropriate.

VII," *id.*, Ms. Bright's testimony and evidence do not indicate that she ever put CCA on notice that she was complaining of sexual harassment. Instead, she complained about being uncomfortable around Ms. Johns and Captain Grubbs and being the direct witness of an interoffice relationship. But, Ms. Bright conceded that the relationship was not "open," she never witnessed any inappropriate sexual contact and neither Ms. Johns nor Captain Grubbs ever engaged in conduct directed towards her that she considered sexual harassment.

Second, Ms. Bright has not identified a causal connection. She may show direct evidence or a convincing mosaic of circumstantial evidence pointing to the same inference. *Coleman v. Donahoe*, 667 F.3d 835, 860 (7th Cir. 2012). Ms. Bright only provides circumstantial evidence within the category of suspicious timing. She complained of being uncomfortable on May 7, 2010, and was terminated on May 11, 2010. The Seventh Circuit has stated that "temporal proximity between an employee's protected activity and an adverse employment action is rarely sufficient to show that the former caused the latter." *Id.* (internal quotation omitted). Here there is no corroborating evidence of retaliatory motive, so even the very close temporal proximity of mere days is not enough to raise a suspicion of retaliatory motive. Even if the proximity was sufficient, Ms. Bright otherwise failed to establish her case, as discussed above. Therefore, her retaliation claim fails on the merits.

**B.     Racial Harassment**

CCA contends that Ms. Bright cannot maintain a claim for racial harassment because she did not exhaust her administrative remedies by filing the claim within her EEOC charge. Specifically, it argues that Ms. Bright first raised allegations of the claim during her deposition. In order to withstand dismissal for failure to exhaust administrative remedies, a claim must be "like or reasonably related to the allegations of the charge and growing out of such allegations,"

*Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994), then it should be dismissed. This standard is liberal.

Here, Ms. Bright's EEOC charge described the events on May 7, 2010, including that Ms. Baptist failed to investigate her claim of sexual harassment and hostile work environment. It concludes that, "I have been discriminated against because of my race, Black." Dkt. 62-11 at 1. In *Rush*, the Seventh Circuit found that a claim for racial harassment was not reasonably related to the EEOC charge. In so finding, it stated:

> ...we are mindful of the admonition that "technicalities are particularly inappropriate in a statutory scheme [like Title VII] in which laymen, unassisted by trained lawyers, initiate the process." *Love v. Pullman Co.*, 404 U.S. 522, 527 (1972). However, the requirement of some specificity in a charge is not a "mere technicality." Some detail, beyond a statement that "I believe I have been discriminated against because of my race, Black" is necessary to allow the agency to perform its statutory duty.

966 F.2d at 1111. Ms. Bright's charge did contain "some specificity" but not with regard to any form of racial harassment. There was no reference of any statements or conduct that might support a claim for racial harassment until Ms. Bright's deposition when she identified statements made by three white employees. Under these circumstances, and even with a liberal reading of Ms. Bright's EEOC charge, her claim must be dismissed as failing to exhaust administrative remedies.

Regardless, Ms. Bright's claim would also fail on the merits. To survive summary judgment, an employee alleging a hostile work environment must show that: (1) she was subject to unwelcome harassment; (2) the harassment was based on her race; (3) the harassment was severe or pervasive so as to alter the conditions of the employee's work environment by creating a hostile or abusive situation; and (4) there is a basis for employer liability. *Porter v. Erie Foods*

*Int'l, Inc.*, 576 F.3d 629, 634 (7th Cir. 2009). Ms. Bright has produced no evidence that creates a genuine issue of material fact that satisfies any of the four prongs of this standard.

As examples of racial harassment, Ms. Bright asserts that Ms. Walsh was reportedly, "frequently upset" with Ms. Bright, Ms. Ryder would not speak to her, and Ms. Robinson repeated that she overheard Ms. Bright state that she "hated" working at CCA. The fact that three white employees questioned Ms. Bright's demeanor and/or work does not, without more, equate "unwelcome harassment." Further, there is no indication—except for Ms. Bright's belief that the white employees could not have factual bases for believing those things about her—that the statements were made because of her race. Ms. Bright has also not produced evidence that the statements were directed to her or that the statements were severe or pervasive. Ms. Bright also asserts that on March 24, 2010, a white co-worker walked into the office that she shared with Ms. Johns and made disparaging comments about President Obama which prompted Ms. Bright to leave her office. The comments, that the President was "stupid" and should be shot, were awful, but there is no evidence they were related to race. And importantly, there is no evidence that CCA was aware and had opportunity to respond to any of Ms. Bright's perceived racial harassment. Therefore, her claim necessarily fails.

C.  **Racial Discrimination**

CCA contends that Ms. Bright is unable to establish a *prima facie* case of racial discrimination. Under the indirect method of evidence, to survive on summary judgment a plaintiff must produce evidence that she (1) belongs to a protected class, (2) met her employer's legitimate performance expectations, (3) suffered an adverse employment action, and (4) was treated worse than similarly situated employees outside the protected class. *Bates v. City of Chi.*, 726 F.3d 951, 955 (7th Cir. 2013). Ms. Bright's claim fails to satisfy prongs (2) and (4).

Although Ms. Bright argues that a claimant need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), this standard applies at the preliminary motion to dismiss stage. At the summary judgment stage, Ms. Bright is required to produce disputed issues of fact supporting her *prima facie* case to defeat CCA's motion for summary judgment.

First, Ms. Bright has not been able to establish or produce a genuine issue of material fact that she was meeting CCA's legitimate business expectations. Ms. Bright says she when she was first hired, she was not aware the timekeeping procedures would be so "grueling" and criticizes that "Ms. Baptist decided to piecemeal the procedures in two separate emails." But Ms. Bright does not contest that at the time of the incidents which resulted in her termination, she was aware of the time keeping policies. Additionally, although Ms. Bright contests CCA's training and interpretation of events, she cannot contest that CCA considered it a failure of "diligence" when Ms. Bright took a one-hour break, forgot to clock out at lunchtime, and regularly clocked in before 8:00 a.m. causing her to show up on the overtime list.

Second, Ms. Bright has failed to produce evidence of a similarly situated employee outside the protected class who was treated more favorably. The Seventh Circuit has held that "[t]he similarly situated inquiry is a flexible, common-sense one that asks, at bottom, whether there are enough common factors to allow for a meaningful comparison in order to divine whether intentional discrimination was at play." *Bates*, 726 F.3d at 955 (internal quotation omitted). Ms. Bright has argued that Ms. Johns took long breaks and disappeared on occasion; however, her evidence of these events is based on her own belief and speculation, not admissible evidence. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence,

and show that the affiant or declarant is competent to testify on the matters stated."). Therefore, there is a lack of facts to establish that Ms. Johns was similarly situated, i.e., had to be reprimanded for clocking in improperly or taking long breaks. Because Ms. Bright cannot make out her *prima facie* case, her claim fails.

**D.      Sexual Harassment**

CCA contends that Ms. Bright cannot make out a *prima facie* case of sexual harassment. The standard for sex harassment is the same as racial harassment and requires a plaintiff to show: (1) she was subject to unwelcome harassment; (2) the harassment complained of was based on her gender; (3) the conduct was either severe or pervasive; and (4) there is a basis for employer liability. *Scruggs v. Garst Seed Co.*, 587 F.3d 832, 840 (7th Cir. 2009). At Ms. Bright's deposition and in her response to summary judgment, Ms. Bright admits that she was not subject to unwelcome conduct that was sexual in nature or that was based on her gender. Ms. Bright acknowledges that the perceived harassment was indirectly the result of the relationship between Ms. Johns and Captain Grubbs, which made her feel uneasy and uncomfortable. Thus, she contends this created a hostile work environment cognizable as sexual harassment.

The law does not support Ms. Bright's claim. Ms. Bright has no evidence of unwelcome conduct that was objectively severe or pervasive. According to the Seventh Circuit, factors in this assessment include "the severity of the allegedly discriminatory conduct, its frequency, whether it is physically threatening or humiliating or merely offensive, and whether it unreasonably interferes with an employee's work performance. Offhand comments, isolated incidents, and simple teasing do not rise to the level of conduct that alters the terms and conditions of employment." *Scruggs*, 587 F.3d at 840–41. At bottom, however, the unwelcome conduct must also be gender-based. Here, Ms. Bright affirmatively acknowledges that she

"never claimed that the offensive conduct was directed at her because of her sex, nor can she establish that the offensive conduct was directed at her because of her sex." Dkt. 61 at 14. This is fatal to Ms. Bright's claim under the law. Therefore, the claim must be dismissed.

## IV. CONCLUSION

Accordingly, Ms. Bright's claims fail as a matter of law. CCA's Motion for Summary Judgment (Dkt. 53) is **GRANTED** in full and Ms. Bright's claims are **DISMISSED.** Further, all pending motions are **DENIED** as **MOOT.**

**SO ORDERED.**

Date: 11/14/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Shelotta L. Bright
2112 North Spencer Avenue
Indianapolis, Indiana 46218

Peter Thomas Tschanz
BARNES & THORNBURG LLP
peter.tschanz@btlaw.com

Robert Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

John T. L. Koenig
BARNES & THORNBURG, LLP
john.koenig@btlaw.com