UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHELOTTA L. BRIGHT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:10-cv-01690-TWP-TAB |
| CCA[1], | ) |
| Defendant. | ) |

**ENTRY DISCUSSING ORDER ON PENDING MOTIONS**

This matter is before the Court on Plaintiff Shelotta L. Bright's ("Ms. Bright") Motion for Extension of Time to File Notice of Appeal (Dkt. 83), and Motion for Leave to Appeal *in forma pauperis* (Dkt.85). For the reasons stated below the Motions must be **DENIED**.

Ms. Bright, proceeding *pro se*, brought an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). *See* 42 U.S.C. § 2000e-5, alleging that she suffered instances of racial discrimination, hostile work environment, and sexual harassment by her employer; and on summary judgment alleged that she was retaliated against in violation of Title VII. On November 14, 2013, the Court granted summary judgment in favor of Defendant, CCA, and entered final judgment in favor of CCA (see Dkts. 77 and 78). The next day, November 15, 2013, Ms. Bright filed a Motion for Court's Assistance in Recruiting Counsel (Dkt. 80). On November 20, 2013, the Court issued an Order stating: "In light of this Court's ruling which granted Defendant's motion for summary judgment on November 14, 2013, Plaintiff's Motion for Court's Assistance in Recruiting Counsel is DENIED as MOOT" (see Dkt. 82).

---

[1] Defendant CCA of Tennessee, LLC d/b/a Corrections Corporation of America, has been incorrectly delineated as CCA. Although the Court recognizes the incorrect delineation, in this Entry it will refer to Defendant simply as CCA.

On December 23, 2013, Ms. Bright filed a Notice of Appeal (Dkt. 84), Motion for Extension of time to File Notice of Appeal (Dkt. 83), and Motion for Leave to Appeal *in forma pauperis* (Dkt. 85), to which Defendant CCA objects. Ms. Bright explains that she confused the Court's November 20, 2013 Order with the Final Judgment issued on November 14, 2013, and also was traveling out of state to care for her ill sister, so she was unable to file her notice of appeal on time.

A notice of appeal must be filed within 30 days after entry of the judgment or order appealed from. Fed. R. App.. P. 4(a)(1)(A). The Court may extend the time to file a notice of appeal if the moving party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(ii).

> The standard for reviewing whether neglect was 'excusable' is an 'equitable' one, taking into consideration all relevant circumstances including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005) (reversing district court's grant of one-day extension when attorney miscalculated deadline); *see also McCarty,* 528 F.3d at 545 (reversing district court's grant of three-day extension when attorney mistakenly believed that Federal Rule of Appellate Procedure 6(e) added three days to the period for filing a notice of appeal). A "simple case of miscalculation" of deadlines is not a sufficient reason to extend time. *Id.* It would be an abuse of discretion for this Court to grant Plaintiff the relief requested, as judges do not have authority to allow untimely appeals. *Id.*

As in *Marquez* and *McCarty*, the record here does not support a case of excusable neglect. Ms. Bright states that she believed her notice of appeal was due 30 days after the Court's November 20, 2013 Order. However, the November 20, 2013 Order specifically noted that the

Court's Final Judgment had issued on November 14, 2013. Thus, Ms. Bright's misunderstanding of the deadline is but a "simple miscalculation" of the deadline that does not warrant an extension.

Ms. Bright provides a second reason for her failure to timely file a notice of appeal: she traveled out of state to care for her ill sister. The Court is sympathetic to Ms. Bright's need to travel; however, Ms. Bright has not established that her travel impacted her ability to timely file a notice of appeal. "Although we liberally construe pro se filings", *Smith v. Grams*, 565 F.3d 1037, 1041 (7th Cir.2009), "we do not enlarge filing deadlines for them". *See Geboy v. Brigano*, 489 F.3d 752, 766 (6th Cir.2007) (reiterating that the lenient treatment given to *pro se* complaints does not extend to court-imposed filing deadlines). Accordingly, Ms. Bright's Motion for Extension of Time (Dkt. 83) must be **DENIED**.

Because Ms. Bright's appeal was not timely filed, this will cause the appeal to be dismissed for lack of jurisdiction. *Bowles v Russell*, 127 S. Ct. 2360,2366 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). Her corresponding Motion to for Leave to Appeal in *forma pauperis* (Dkt. 85) is therefore **DENIED as moot**.

SO ORDERED.

Date: 01/17/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Shelotta L. Bright
2112 North Spencer Avenue
Indianapolis, Indiana 46218

Peter T. Tschanz
BARNES & THORNBURG LLP
peter.tschanz@btlaw.com

R. Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

Shannon Marie Shaw
BARNES & THORNBURG LLP
sshaw@btlaw.com

John T. L. Koenig
BARNES & THORNBURG, LLP
john.koenig@btlaw.com